```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BECKLEY
```

**HAMILTON, BURGESS, YOUNG & POLLARD, PLLC,**
**KEVIN B. BURGESS,**
**RALPH C. YOUNG,**
**LYNN B. POLLARD,**

    Plaintiffs,

v.                                                   Civil Action No: 1:05-0769

**MARKEL AMERICAN INSURANCE COMPANY,**

    Defendant.

<u>**MEMORANDUM OPINION AND ORDER**</u>

Pending before the court is plaintiffs' motion to remand for lack of diversity jurisdiction.  Having reviewed the record and applicable law, for the reasons outlined below, the court hereby (1) GRANTS plaintiffs' motion for remand (Doc. No. 4), (2) REMANDS the case to Circuit Court of Fayette County, West Virginia, and (3) DIRECTS the Clerk to remove this matter from the court's active docket.

### I.  Background

Plaintiffs are Hamilton, Burgess, Young & Pollard, P.L.L.C. ("Hamilton Burgess") and three lawyers who practice law as members of Hamilton Burgess, a law firm.  (Doc. No. 6, Ex. C.) Hamilton Burgess held an insurance policy with Markel American Insurance Company ("Markel") covering employment practices liability.  <u>Id.</u>  The plaintiffs sued defendant Markel for failing to defend or indemnify them under the terms of the policy in

litigation brought by two former members of Hamilton Burgess over certain profits.  Id.  Plaintiffs sought to recover the cost of defense, settlement expenses, and compensation for time and effort in defense of the claim.  Id.  Plaintiffs' complaint sought damages "not to exceed in any event the sum of $74,000.00, exclusive of interest and costs."  Id.  The Circuit Court of Fayette County issued a summons on August 18, 2005 and the West Virginia Secretary of State accepted service on behalf of Markel on August 22, 2005.

On the same day they filed the complaint, plaintiffs filed their first stipulation.  It stated that Kevin Burgess, Ralph Young, Lynn Pollard, and Hamilton Burgess agreed that "in no event shall their damages arising from the above-captioned civil action exceed $74,000, excluding of interest and costs."  (Doc. No. 6, Ex. C. at 4)  On August 26, 2005 (before this action was removed), plaintiffs filed a second stipulation stating that the plaintiffs "shall neither seek nor accept an amount equal to or greater than $74,000.00 in this case, exclusive of interest and costs."  (Doc. No. 4, Ex. 2.)

**II.  Standard of Review**

Defendant may remove any case over which the district courts have original jurisdiction.  28 U.S.C. § 1441(a).  Removal statutes must be construed strictly against removal.  See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151

(4th Cir. 1994).  The defendant seeking removal bears the burden of establishing federal jurisdiction.  Id.  Defendant must make that showing by preponderance of the evidence.  Patton v. Wal-Mart Stores, Inc., 2005 WL 2352298, *2 (S.D. W. Va. Sept. 26, 2005) (Faber, C.J.); McCoy v. Erie Ins. Co., 147 F. Supp. 2d. 481, 489 (S.D. W. Va. 2001) (Haden, C.J.).

### III.  Analysis

Defendant seeks removal on the basis of diversity jurisdiction.  Defendant alleges that the parties are diverse and that the amount in controversy exceeds $75,000.00.  28 U.S.C. § 1332.  Defendant argues that plaintiffs' stipulations in state court were not binding and that potential recovery for economic loss and punitive damages under West Virginia law leave defendant open to liability for more than $75,000.00.

The accepted practice is to treat the amount requested by the plaintiff in state court as the amount in controversy for removal jurisdiction purposes.  Charles A. Wright, et al., 14C Federal Practice and Procedure: Jurisdiction § 3725 (3d. ed. 1998).  However, in West Virginia, plaintiffs' recovery is theoretically unlimited because the ad damnum clause may be amended after final judgment to conform it to the evidence. Here, it appears that if successful, plaintiffs are entitled to consequential damages, such as attorney fees, loss of use of the proceeds, and general damages for aggravation, annoyance, and

3

inconvenience. Hayseeds v. State Farm Fire & Cas., 177 W. Va. 323, 331, 352 S.E.2d 73, 80 (1986).

The evidence before the court suggests that without a binding stipulation to the contrary, damage amounts could exceed $75,000.00. Defendant argues that plaintiffs' first stipulation is ineffective because it does not conform to the requirements of two federal cases in this district stating that a stipulation by a plaintiff to an amount in controversy is only effective if binding in state court and filed before removal. McCoy, 147 F. Supp. 2d at 486; Hicks v. Herbert, 122 F. Supp. 2d. 699, 701 (S.D. W. Va. 2000).

In Hicks and McCoy, another judge in this district stated that plaintiffs' stipulation to amount in controversy would not be considered unless binding, formal, and filed in state court before removal. McCoy, 147 F. Supp. 2d at 486; Hicks, 122 F. Supp. 2d. at 701. Plaintiffs' first stipulation meets these requirements.

Most importantly, the first stipulation is binding in state court. Plaintiffs state that "in no event shall their damages arising from the above-captioned civil action exceed $74,000.00." Plaintiffs' use of the words "in no event" leaves little room for doubt that they have foreclosed their ability to recover more than $74,000 in state court. Plaintiffs' stipulation is consistent with plaintiffs' position throughout the record and it

4

applies to all damages, not just compensatory damages.  Cf. Tovar v. Target Corp., 2004 WL 2283536, *3-4 (W.D. Tex. Oct. 7, 2004) (denying motion to remand when plaintiff's stipulation and other record documents were contradictory and seemed to excluded punitive damages from the stipulation).

Defendant seems to argue that only the "magic words" from Hicks and McCoy will suffice to make the stipulation binding. Hicks states that a stipulation is effective if it states that a plaintiff "would not seek nor accept more than $75,000." However, the salient characteristic is the binding effect of the stipulation on the plaintiffs in state court.  Defendant suggests no reasons why and this court fails to see why the first stipulation is not binding.  Binding effect in state court is not wholly dependent on language suggested in a federal opinion.

Next, the first stipulation is formal.  It was signed by each of the plaintiffs and notarized.  Finally, the stipulation was filed in state court on August 18, 2005 and served on August 22, 2005 both of which occurred before removal.  Because the first stipulation is binding, formal, and pre-removal it is a weighty consideration for this court in determining amount in controversy.[1]

---

[1] Because this court believes that the first stipulation is binding against plaintiffs in West Virginia, it need not reach the question of whether the second stipulation is valid.

5

In addition to the stipulation, plaintiffs' ad damnum clause states that plaintiffs seek damages "not to exceed in any event the sum of $74,000.00." (Doc. No. 6, Ex. C. at 4) Defendant fails to meet its burden to show that the amount in controversy exceeds $75,000. Given that the plaintiffs' complaint and a pre-removal binding stipulation limit plaintiffs' potential recovery in state court, the court finds by preponderance of the evidence that the amount in controversy does not exceed $75,000. Therefore, diversity jurisdiction does not exist, and this court hereby orders this case be remanded to the Circuit Court of Fayette County, West Virginia.

### IV. Conclusion

For the reasons outlined above, the court (1) GRANTS plaintiff's motion for remand (Doc. No. 4), (2) REMANDS the case to Circuit Court of Fayette County, and (3) DIRECTS the Clerk to remove this matter from the court's active docket. The Clerk is directed to forward a copy of this Memorandum Opinion to all counsel of record. Additionally, the Clerk is directed to send a certified copy of this Order to the Clerk of the Circuit Court of Fayette County, West Virginia.

It is SO ORDERED this 25th day of January, 2006.

ENTER:

David A. Faber
United States District Judge