```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BECKLEY
```

HAMILTON, BURGESS, YOUNG & POLLARD,
PLLC,
KEVIN B. BURGESS,
RALPH C. YOUNG,
LYNN B. POLLARD,

    Plaintiffs,

v.                                  Civil Action No: 5:05-0769

MARKEL AMERICAN INSURANCE COMPANY,

    Defendant.

### MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiffs' motion for an award of attorney fees (Doc. No. 18). Having reviewed the record and applicable law and for the reasons outlined below, the court hereby (1) DENIES plaintiffs' motion for an award of attorney fees for lack of jurisdiction (Doc. No. 18) and (2) DIRECTS the Clerk to remove this matter from the court's active docket.

### I. Background

Plaintiffs originally brought this action in the Circuit Court of Fayette County. (See Doc. No. 1.) After defendant filed a notice of removal, plaintiff moved to remand. On January 25, 2006, this court granted plaintiffs' motion to remand but did not address plaintiffs' request for fees and costs (Doc. No. 16). On January 30, 2006, plaintiffs moved for award of attorney fees under 28 U.S.C. § 1447(c). Plaintiffs argue that defendant had no objectively reasonable basis to remove this case and that an

award of fees and costs is therefore justified under the Supreme Court's ruling in Martin v. Franklin Capitol Corporation. 126 S. Ct. 704, 711 (2005) (holding that a district court may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal). (Doc. No. 18 at 1-2.) Defendant argues that this court lacks jurisdiction to act in this case because it has been remanded to state court. (Doc. No. 19 at 2.) Plaintiffs failed to reply within the time allotted under the Local Rules. Accordingly, this motion is ripe for decision.

## II. Analysis

This court lacks jurisdiction to award attorney fees and costs in this case. By statute, a district court is permitted to award attorney fees and costs in an order remanding a case. 28 U.S.C. § 1447(c) (stating that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal"). On the face of the statute, fees and costs may be awarded only in the remand order, if at all. Here, the court did not award fees and costs in its remand order and may not revisit the issue now.

Furthermore, the Fourth Circuit has held that the entry of a remand order divests a federal court of jurisdiction. In re Lowe, 102 F.3d 731, 732 (4th Cir. 1996). Therefore, because the court has already entered the remand order, the court is without

jurisdiction to consider plaintiffs' motion for award of fees and costs. Accordingly, plaintiffs' motion for award of fees and costs is denied.

### III. Conclusion

For the reasons stated above the court denies plaintiffs' motions for fees and costs, and dismissal is therefore proper. The Clerk is directed to remove this case from the court's active docket and to forward a copy of this Memorandum Opinion and Order to all counsel of record.

It is SO ORDERED this 28th day of March, 2006.

ENTER:

David A. Faber
Chief Judge

3